# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:13-CR-128** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **CHARLIE RIVERA,** | : | |
| | : | |
| Petitioner | : | |

## ORDER

AND NOW, this 9th day of April, 2018, upon consideration of the motion (Doc. 89) of Charlie Rivera ("Rivera") to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, wherein Rivera contends, *inter alia*, that he is "innocent of the federal offenses for which he was convicted" because the Commonwealth of Pennsylvania had "'exclusive' jurisdiction over [his] offenses," (id. at 4), and the court observing that we must dismiss a Section 2255 motion when it appears from the motion and the record that "the moving party is not entitled to relief," R. GOVERNING § 2255 CASES R. 4(b), and that a motion under § 2255 must be filed within one year of the latest of (1) the date on which the judgment of conviction becomes final, (2) the date on which an impediment to the motion created by governmental action is removed, (3) the date on which the Supreme Court initially recognized a right made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the motion could have been discovered

through due diligence, 28 U.S.C. § 2255(f),[1] and the court further observing that Rivera does not allege that the government prevented him from timely filing his motion, that the Supreme Court made a right retroactively applicable in a manner that delayed the commencement of the limitations period, or that any newly discovered facts trigger a different limitations period, and it appearing that the one-year limitations period applicable to Rivera's § 2255 motion began to run on March 9, 2016 when Rivera's judgment of conviction became final and expired on March 9, 2017,[2] but that Rivera filed the instant motion on March 5, 2018, and it further appearing that there is no basis to justify equitable tolling of the limitations period,[3] and the court therefore concluding that Rivera's § 2255 motion is untimely, it is hereby ORDERED that:

---

[1] Rivera contends that the one-year limitations period established as part of the Antiterrorism and Effective Death Penalty Act of 1996 does not apply to him because "he is not a terrorist and has not been convicted and sentenced to death for committing an act of terrorism against the [United States]." (Doc. 89 at 11). *Per contra* Section 2255 applies to all prisoners "in custody under sentence of a court established by Act of Congress claiming the right to be released." 28 U.S.C. § 2255(a).

[2] The court sentenced Rivera on February 24, 2016, and Rivera did not file a notice of appeal with the United States Court of Appeals for the Third Circuit. When a defendant does not appeal, his conviction and sentence become final on the date the defendant's time for filing an appeal expires. Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Rivera's opportunity to file a timely notice of appeal expired on March 9, 2016. See FED. R. APP. P. 4(b)(1)(A)(i).

[3] Equitable tolling of the one-year statute of limitations is proper in exceptional cases. The limitations period for filing a § 2255 motion may be equitably tolled when a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Rivera offers no facts or arguments in his petition to justify equitable tolling in the instant matter. (See Doc. 89 at 11).

1. Rivera's motion (Doc. 89) vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

2. A certificate of appealability is DENIED. See R. GOVERNING § 2255 CASES 11(a).

       /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania