# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:13-CR-128** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **CHARLIE RIVERA,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Earlier this year, defendant Charlie Rivera ("Rivera") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court denied this motion as untimely, as it was filed nearly a year late. Rivera moved the court to reconsider its denial of his Section 2255 motion, and we denied Rivera's motion for reconsideration. Rivera now moves (Doc. 98) for leave to file a second motion for reconsideration, ostensibly to reconsider our order denying reconsideration of the denial of his Section 2255 motion. We will deny leave to file a second motion for reconsideration because such a motion would be futile.

## I.  Factual Background & Procedural History[1]

In 2013, a federal grand jury returned a two-count indictment charging Rivera with possession with intent to distribute 28 grams and more of cocaine base and other drugs in violation of 21 U.S.C. § 841(a) (Count I), and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (Count II). After reaching a plea agreement, the government filed a one-count superseding

---

[1] The following narrative summarizes the factual and procedural background of this case as derived from the record.

information charging Rivera with possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a). Rivera pled guilty to the one-count information and was sentenced to 120 months' imprisonment on February 24, 2016. Rivera did not appeal his conviction or sentence.

On March 5, 2018, Rivera filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Rivera claimed, *inter alia*, that his trial counsel was constitutionally ineffective for "failing to advise [Rivera] that the Federal Government and Commonwealth [of Pennsylvania] were violating his Tenth Amendment rights" by federally prosecuting him for a drug crime that consisted of purely intrastate activity. (Doc. 89 at 4). He also challenged the constitutionality of his statute of conviction, claiming that the statute violated the Fifth and Fourteenth Amendments and that his trial counsel was ineffective for not so advising him. In short, Rivera believed his trial counsel was ineffective for not raising a jurisdictional challenge to his federal prosecution for violating 21 U.S.C. § 841(a). After preliminary review of Rivera's Section 2255 motion, see 28 U.S.C. § 2255 Rule 4(b), the court dismissed the motion as time-barred.

Rivera moved for reconsideration or, alternatively, for relief pursuant to Federal Rule of Civil Procedure 60(b)(6). In this motion, Rivera asserted a new argument that the untimeliness of his Section 2255 motion should be excused due to a recent Supreme Court case, Class v. United States, 583 U.S. __, 138 S. Ct. 798 (2018), as well as shortcomings of the prison law library whereby newly decided federal decisions were not immediately available to inmates. Rivera argued that Class qualified as a newly recognized right with retroactive effect that could make

2

his Section 2255 motion timely under 28 U.S.C. § 2255(f)(3). The court denied this motion, finding that Rivera had failed to satisfy the standard for a motion for reconsideration under Federal Rule of Civil Procedure 59(e) or a motion for relief under Federal Rule of Civil Procedure 60(b)(6). Rivera now seeks leave to file a second motion for reconsideration, in which he asks the court to reconsider our order denying Rule 59(e) and 60(b) relief with respect to his Section 2255 motion.[2]

## II. Legal Standard

A motion for reconsideration of a final order is generally considered a motion under Federal Rule of Civil Procedure 59(e). See Weist v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013) (citing Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986)). Motions for reconsideration serve primarily to correct manifest errors of law or fact in a prior decision of the court. See U.S. *ex rel.* Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848 (3d Cir. 2014) (citing Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). A court should grant reconsideration only if the moving party establishes: (1) newly available evidence; (2) "an intervening change in the controlling law;" or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." Id. at 848-49 (quoting Max's Seafood, 176 F.3d at 677).

---

[2] Rivera also moves under Federal Rule of Civil Procedure 60(d)(1) for an "independent action" to relieve him of the judgment denying his Section 2255 motion. See FED. R. CIV. P. 60(d)(1). The standard for obtaining relief via an independent action under Rule 60(d)(1) is even more demanding than Rule 59(e). "[A]n independent action should be available only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998). Because we find that Rivera fails to satisfy the less-stringent standard of Rule 59(e), see *infra*, we will likewise deny Rivera's Rule 60(d)(1) motion.

3

A party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court or to advance stale arguments anew. See Chesapeake Appalachia, L.L.C. v. Scout Petroleum, LLC, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014), aff'd *sub nom.* Chesapeake Appalachia, LLC v. Scout Petroleum, LLC, 809 F.3d 746 (3d Cir. 2016). Furthermore, motions for reconsideration should "not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." Hill v. Tammac Corp., No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. 2006) (citing McDowell Oil Servs., Inc. v. Interstate Fire & Gas Co., 817 F. Supp. 538, 541 (M.D. Pa. 1993)); see Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995). Reconsideration is an extraordinary remedy which should be "granted sparingly." Chesapeake Appalachia, 73 F. Supp. 3d at 491; Tammac Corp., 2006 WL 529044, at *2.

### III. Discussion

Rivera does not present newly discovered evidence or an intervening change in controlling law. He instead claims that the court "patently misunderstood" his first motion for reconsideration as well as his Section 2255 claims. Consequently, we construe the motion Rivera seeks leave to file as requesting Rule 59(e) relief based on "the need to correct a clear error of law or fact or to prevent manifest injustice." Astrazeneca Pharm. L.P., 769 F.3d at 848-49 (quoting Max's Seafood, 176 F.3d at 677).

Rivera alleges that, contrary to our order denying his first motion for reconsideration, the Supreme Court's decision in Class v. United States does have a bearing on his Section 2255 claims. Rivera's argument appears to be as follows: his

4

statute of conviction—21 U.S.C. § 841(a)—is unconstitutional facially or as applied insofar as it permits the federal government to prosecute wholly intrastate matters that are the exclusive jurisdiction of the state; Rivera's trial counsel did not raise a jurisdictional challenge to the Section 841(a) charge at any time leading up to his sentencing or on direct appeal; his trial counsel was constitutionally ineffective for failing to raise such a challenge and for advising Rivera to plead guilty to an unconstitutional statute; Rivera filed his Section 2255 motion soon after learning about Class, which he alleges would permit him to collaterally attack the effectiveness of his trial counsel's decision to forgo a jurisdictional challenge on direct appeal; therefore, his Section 2255 motion should be found to be timely and considered on the merits. We will explain why Rivera's argument is incorrect, but not to address the merits of his Section 2255 claims. We do so to demonstrate why he has continually failed to satisfy the strict requirements necessary to compel reconsideration of our April 9, 2018 order denying his Section 2255 motion.

At bottom, Rivera wants to challenge the constitutionality of Section 841(a) and his conviction and sentence thereunder. But after pleading guilty to this statutory offense and failing to file a direct appeal, the law severely limits Rivera's options. The only procedural vehicle through which he could attack his conviction or sentence is 28 U.S.C. § 2255. Federal courts generally will not countenance claims on collateral review that could have been raised on direct appeal. See United States v. Travillion, 759 F.3d 281, 288 n.11 (3d Cir. 2014) ("[I]ssues which should have been raised on direct appeal may not be raised with a § 2255 motion." (citation omitted)). Because Rivera did not file a direct appeal, to challenge the

constitutionality of his Section 841(a) conviction he must assert ineffective assistance of counsel. Rivera did precisely that in his Section 2255 motion.

A Section 2255 motion alleging ineffective assistance must still be timely. Rivera concedes he missed the general one-year deadline from the date his judgment of conviction became final, see 28 U.S.C. § 2255(f)(1), but argues that Class renders his motion timely pursuant to Section 2255(f)(3).³ That section provides a one-year statute of limitations that runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

The Supreme Court in Class held that "a guilty plea by itself" does not bar "a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." Class, 138 S. Ct. at 803. The Court cabined its holding to challenges on direct appeal. United States v. Peppers, 899 F.3d 211, 225 n.7 (3d Cir. 2018) (citing Class, 138 S. Ct. at 803, 805, 807). Rivera appears to contend that, prior to Class, he could not have asserted an ineffectiveness claim against his trial counsel for failing to raise a jurisdictional challenge because he had pled guilty to the statutory offense. Rivera maintains that, after Class was decided, a new right was established that would make his Section 2255 motion timely.

Even assuming, *arguendo*, that Class recognized a new "right" and this right is retroactive on collateral review, Rivera cannot satisfy the conditions necessary to

---

³ As noted *supra*, Rivera did not invoke this argument until his first motion for reconsideration. (Compare Doc. 89 at 11 with Doc. 92 at 3-4).

6

compel reconsideration of our dismissal of his Section 2255 motion. To wit: Rivera cannot demonstrate a "need" to correct a factual or legal error, or that denying reconsideration would result in "manifest injustice," because his underlying Section 2255 claims are meritless.

All of Rivera's claims involve, in one manner or another, an attack on the constitutionality of Section 841(a) and trial counsel's ineffectiveness for not raising such a challenge. Initially, we observe that the only Section 2255 claim that would possibly be implicated by Class's holding is ineffectiveness of trial counsel for failing to challenge Section 841(a)'s constitutionality on direct appeal. All of Rivera's other claims regarding the constitutionality of Section 841(a) and related ineffectiveness of trial counsel could have been raised in a Section 2255 motion *before* Class was decided.

More importantly, Rivera's claims of ineffectiveness all hinge on the premise that Section 841(a) is unconstitutional. Yet courts have repeatedly upheld Congress's authority under the Commerce Clause to criminalize drug trafficking and thus to federally prosecute such offenses. "A large interstate market exists for illegal drugs. Congress has the power to regulate that market just as it has the power to regulate food and drugs in general." United States v. Orozco, 98 F.3d 105, 107 (3d Cir. 1996) (citing Minor v. United States, 396 U.S. 87, 98 n.13 (1969)); see also Rinaldi v. Zickefoose, 532 F. App'x 64, 65 n.3 (3d Cir. 2013) (nonprecedential) ("The federal drug trafficking statutes are valid exercises of Congress'[s] power under the Commerce Clause." (citing Gonzales v. Raich, 545 U.S. 1, 22 (2005))). Accordingly, Rivera cannot establish unprofessional conduct or prejudice for any of his

ineffective assistance claims, see Strickland v. Washington, 466 U.S. 668, 687-88 (1984), because a jurisdiction-based constitutional challenge to 21 U.S.C. § 841(a) would be frivolous.  It is well settled that an attorney cannot be deemed ineffective for failing to raise a meritless argument.  See Ross v. Dist. Attorney of Cty. of Allegheny, 672 F.3d 198, 211 n.9 (3d Cir. 2012) (quoting Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000)).  Accordingly, a second motion for reconsideration would ultimately be futile.

## IV. Conclusion

We will deny Rivera's motion (Doc. 98) for leave to file a second motion for reconsideration under Federal Rule of Civil Procedure 59(e) and for an independent action under Federal Rule of Civil Procedure 60(d)(1).  Rivera has failed to establish a right to relief under either rule.  An appropriate order shall issue.


      /S/ Christopher C. Conner
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:	November 9, 2018